IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCKOOL SMITH P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1685-M |
| | § | |
| CURTIS INTERNATIONAL LTD., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Curtis International Ltd. ("Defendant" or "Curtis") has filed Motion to Quash and Motion for Protective Order. *See* Dkt. No. 50. Plaintiff McKool Smith P.C. ("Plaintiff" or "McKool Smith") filed a response and a Counter Motion to Compel Discovery. *See* Dkt. No. 51. United States District Judge Barbara M. G. Lynn referred these motions to the undersigned United States magistrate judge for determination. *See* Dkt. No. 79.

For the reasons explained below, the Court DENIES Defendant's Motion to Quash and Motion for Protective Order [Dkt. No. 50] and Plaintiff's Counter Motion to Compel Discovery [Dkt. No. 51] without prejudice.

### Background

The Court has entered a Final Judgment against Curtis and in favor of McKool Smith, confirming an arbitration award of $1,407,866.56, plus pre- and postjudgment interest, for McKool Smith. *See* Dkt. No. 47. Pursuant to Federal Rule of Civil Procedure 69(a)(2), McKool Smith thereafter electronically served Federal Rule of Civil

Procedure 30(b)(1) notices for the deposition of Aaron Herzog, Jacob Herzog, and Cameron Dickson and served a Federal Rule of Civil Procedure 30(b)(6) notice for the deposition of Curtis, through a designated corporate representative. *See* Dkt. No. 51 at 2. In the meanwhile, Curtis filed a Notice of Appeal. *See* Dkt. No. 48.

Curtis then filed its Motion to Quash and Motion for Protective Order, requesting that the Court quash the deposition notices and/or enter an order protecting Curtis from the deposition notices and sustain Curtis's objections to McKool Smith's Rule 30(b)(6) corporate representative deposition notice of Curtis. *See* Dkt. No. 50 at 6. McKool Smith responded and counter-moved to compel, reporting that the parties have agreed on a date and location for the deposition of a Curtis corporate representative (the week of January 11, 2016 in Dallas, Texas) but that Curtis still refuses to make its corporate officers available for deposition and asking the Court to deny Curtis's motion and to compel Curtis to produce Arron Herzog, Jacob Herzog and Cameron Dickson for deposition in Dallas the week of January 11, 2016. *See* Dkt. No. 51 at 1, 7-8.

Curtis thereafter filed an Unopposed Motion to Stay Judgment under Federal Rule of Civil Procedure 62(d), reporting that "[t]he parties have agreed to stay the judgment and all proceedings to enforce it, pending the appeal," and that, "[a]s security for McKool Smith, while the judgment is stayed, Curtis will deposit $1,517,148.95 with the Court, in lieu of a bond." Dkt. No. 53 at 1. The motion "ask[ed] the Court to approve the deposit of $1,517,148.95, in lieu of a bond, and to enter an order staying the judgment and all proceedings to enforce it, pending Curtis's appeal to the United

States Court of Appeals for the Fifth Circuit." *Id.* The Court granted the motion and ordered "that, upon deposit of $1,517,148.95 with the Court, the judgment and all proceedings to enforce it are **STAYED**, pending appeal from the judgment to the United States Court of Appeals for the Fifth Circuit." Dkt. No. 58 at 1.

That same day, Curtis filed a reply in support of its motion, confirming that the date and location of its Rule 30(b)(6) deposition has been resolved by agreement but reporting that the parties "still dispute the depositions of Cameron Dickson, Aaron Herzog, and Jacob Herzog" and that "Curtis's objections to the definitions, instructions, and Deposition Topics in McKool's 30(b)(6) notice remain unresolved." Dkt. No. 59 at 3. But, as a preliminary matter, Curtis noted that "[t]his post-judgment discovery action will likely be stayed by the time of the hearing" then set for January 7, 2016, where, after it filed its Motion to Quash and Motion for Protective Order [Dkt. No. 50], Curtis filed its Unopposed Motion to Stay Judgment [Dkt. No. 53]; the Court entered an order granting that motion; and "Curtis intends to deposit the required $1,517,148.95 with the Court prior to the hearing on this Motion to Quash, thereby staying these proceedings." *Id.* at 2.

The parties have filed a Joint Motion to Withdraw Hearing, confirming that Curtis has deposited $1,517,148.95 with the Court and explaining that, consequently, Defendant's Motion to Quash and Motion for Protective Order [Dkt. No. 50] and Plaintiff's Counter Motion to Compel Discovery [Dkt. No. 51] "have been stayed, pursuant to the Court's order (Dkt. 58)." Dkt. No. 60 at 1.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," and that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). Rule 69 allows the judgment creditor to elect to conduct discovery either under the applicable state law or the Federal Rules of Civil Procedure. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594-95 (W.D. Tex. 2000). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

Federal Rule of Civil Procedure 62(d) provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d).

Courts have held that, where a notice of appeal is filed but the appealing party "did not post a supersedeas bond or obtain a stay of the judgment pending appeal," the judgment creditor "may treat the judgment as final and execute upon it," and that, "[i]f a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal." *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982).

And, in its response to Curtis's motion, McKool Smith itself noted that, at the time of the response's filing, "[a]lthough Curtis has filed a notice of appeal of that Judgment, it has posted no bond to stay its execution" and that, "[a]ccordingly, the Federal Rules expressly permit McKool Smith to conduct post-judgment discovery." Dkt. No. 51 at 7 (citing FED. R. CIV. P. 69); *accord Res. Trust Corp. v. Kolea*, Civ. A. No. 90-6287, 1996 WL 89376, at *1 (E.D. Pa. Feb. 27, 1996) ("The Koleas have filed a notice of appeal in this case. However, that act does not divest this court of jurisdiction to compel discovery in aid of execution. If the Koleas wish to avoid execution of the judgment pending appeal, they may move for a stay; Federal Rule of Civil Procedure 62(d) permits them to seek a stay 'by giving a supersedeas bond.'") (citing *Nat'l Serv.*, 694 F.2d at 250).

But, as the parties' Joint Motion to Withdraw Hearing acknowledges, Curtis thereafter moved for a stay of the judgment and all proceedings to enforce it, pending appeal, *see* Dkt. No. 53; the Court has ordered that, "upon deposit of $1,517,148.95 with the Court, the judgment and all proceedings to enforce it are **STAYED**, pending appeal from the judgment to the United States Court of Appeals for the Fifth Circuit,"

-5-

Dkt. No. 58 at 1; and Curtis has deposited $1,517,148.95 with the Court, *see* Dkt. No. 60 at 1.

Pursuant to Rule 69(a)(2), post-judgment discovery, as McKool Smith has sought here, is authorized "[i]n aid of the judgment or execution." FED. R. CIV. P. 69(a)(2). The Court has now stayed "the judgment and all proceedings to enforce it." Dkt. No. 58 at 1. The Court concludes, as the parties have now acknowledged, that the stay extends to any post-judgment discovery conducted pursuant to Rule 69(a)(2) and to the pending motions that "address postjudgment discovery that McKool Smith served, relating to its collection efforts of the Court's final judgment (entered October 14, 2015)." Dkt. No. 60 at 1. *See generally Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 654-61 (S.D. Tex. 2009); *F.D.I.C. v. Scott*, 945 F. Supp. 988, 990 (S.D. Miss. 1996).

Accordingly, these motions should be denied without prejudice in light of the stay pending Curtis's appeal. The Court further determines that, under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), each party will bear its own costs in connection with these motions.

## Conclusion

The Court DENIES Defendant's Motion to Quash and Motion for Protective Order [Dkt. No. 50] and Plaintiff's Counter Motion to Compel Discovery [Dkt. No. 51] without prejudice to the parties' renewing the requests in their motions, if necessary and appropriate, upon conclusion of the pending appeal and the lifting of the stay ordered by the Court.

SO ORDERED.

DATED: January 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE